FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 FEB 10 PM 2: 11
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ADAM GARRETT GRAY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 314-152 |
| BRAD HOOKS, Warden, Johnson State Prison, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 10). The Magistrate Judge recommended dismissing Plaintiff's complaint because Plaintiff failed to use all steps of the available grievance process prior to filing his complaint. (See doc. no. 7.) The Magistrate Judge based this recommendation on Plaintiff's descriptions in his complaint, declared to be true under penalty of perjury, of his arrival date at Wheeler Correctional Facility on September 29, 2014, the dates of Plaintiff's letter writing campaign, and the dates Plaintiff actually filed a grievance about his restricted vegan diet. (Id. at 1-2, 4-5.) Indeed, Plaintiff provided a detailed timeline of events in Exhibit K, attached to his complaint and specifically referenced in his Statement of Claim, that sets forth his various discussions and letters exchanged with prison officials. (See doc. no. 1, pp. 5, 36-38.)

In a letter to the Clerk docketed as objections, Plaintiff states that he has "been filing grievances and appeal[s] with the Administrative Office at Wheeler Correctional Facility and the

Central Office since September 29, 2014" regarding the claims raised in his complaint. (Doc. no. 10.) He also again references the attachments to his complaint. However, as the Magistrate Judge previously explained, these attachments to do not show proper exhaustion of the administrative grievance procedure set forth in Georgia Standard Operation Procedure ("SOP") IIB05-0001 that became effective on December 10, 2012.

For example, these attachments show that a letter from the Office of Inmate Affairs, annotated by Plaintiff, told him to file a grievance about his restricted vegan diet on October 23, 2014; he did so, according to his own detailed timeline, on November 19, 2014. (Doc. no. 1, pp. 38, 43.) Moreover, as to allegations concerning receipt of a Jewish Prayer Shawl, Plaintiff provided documentation with his complaint showing that the issue did not arise until November 19, 2014. (Id. at 38, 45, 52.) In a nutshell, Plaintiff demonstrated in his verified complaint and a documented timeline of events, that he did not follow the procedures in the SOP for properly exhausting the grievance procedure. Plaintiff now unsuccessfully attempts to backtrack in his objections with a conclusory statement, flatly contradicted by the attachments to the complaint, that he has been filing grievances and appeals on all issues raised in his complaint since the day he arrived at Wheeler.

Even if the Court were to assume for the sake of argument that Plaintiff had filed a grievance and an appeal of all issues in his complaint, he does not state that he received a response to any appeal he may have filed. At best, he states "all correspondences since December have gone unanswered or resolved." (Doc. no. 10, p. 3.) Plaintiff signed his complaint on December 2, and thus, the assertions in the objections, even if they did not conflict with the complaint, do not save the complaint from dismissal for failing to exhaust

2

administrative remedies prior to filing his lawsuit. See Higginbottom v. Carter, 223 F.3d 1259, 12161 (11th Cir. 2000).

Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. The Magistrate Judge explained to Plaintiff prior to screening the complaint that all prisoners are required to exhaust all available administrative remedies with respect to each claim asserted in the complaint and warned Plaintiff that he would still be responsible for the filing fee if the complaint were to be dismissed for failure to exhaust. (Doc. no. 3, p. 2.) Accordingly, the Court **DENIES** Plaintiff's request that his claim "be withdrawn with funds not taken from my account." (Doc. no. 10, p. 3.) Therefore, the Court **DISMISSES** Plaintiff's complaint without prejudice for failure to exhaust administrative remedies and **CLOSES** this civil action.

SO ORDERED this ___ day of February, 2015, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE